**E-FILED**
Thursday, 14 February, 2008  03:29:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS


TIMMY LURZ et al.,

      Plaintiffs,


                                                           08-3002

CAROL L. ADAMS et al.,

      Defendants.


### <u>Order</u>

      Plaintiffs resides at the Rushville Treatment and Detention Center, detained or committed as sexually violent persons under Illinois law.  They have all filed petitions to proceed *in forma pauperis*, challenging the facility's ban on smoking.

      However, the court must dismiss cases proceeding in forma pauperis "at any time if the court determines that the action fails to state a claim." 28 U.S.C. § 1915(e)(1). Additionally, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Accordingly, the court grants leave to proceed in forma pauperis only for cognizable claims.

      Plaintiffs allege that Defendants implemented a policy banning all smoking, effective January 1, 2008, in order to comply with the Smoke Free Illinois Act, 410 ILCS 82/1 *et seq.* Plaintiff assert that they should be treated like occupants of private and semi-private rooms in nursing homes and long term care facilities, who are exempt from the Act.  410 ILCS 82/35(3). They assert that they have a right to smoke and ask that Defendants either create smoking and non-smoking units, or allow smoking in the patio and yard.

      Whatever Plaintiffs state rights may be, they have no federal constitutional right to smoke while detained in government facilities.  *Beauchamp v. Sullivan*, 21 F.3d 789, 790-91 (7th Cir. 1994); *Thiel v. Nelson*, 422 F.Supp. 1024 (W.D.Wis. 2006)(Seventh Circuit's *Beauchamp*'s opinion is "just one of an avalanche of cases in which federal courts have rejected constitutional challenges to smoking restrictions in prisons)(collecting cases).  Whether Defendants have correctly interpreted the Smoke Free Illinois Act to apply to Plaintiffs, or what the Act ought to be, are not a federal questions.  Similarly, whether Defendants should allow smoking on the patio or pod are decisions left to Defendants' discretion, not to a federal court.  *See Thiel*, 422 F.Supp. at 1030 ("[T]he decision whether to allow smoking at a state detention facility resides within the discretion of the officials charged with operating that facility, . . . .")

IT IS THEREFORE ORDERED THAT Plaintiffs' petitions to proceed *in forma pauperis* are denied (d/e's 1-12).  All pending motions are denied as moot (d/e 13) and this case is closed.


     Entered this   14th   Day of  February, 2008.


                                  **s\Harold A. Baker**


                              HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE